

FILED
CLERK, U.S. DISTRICT COURT
OCT - 7 2025
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 25-MJ-6155 |
|---|---|
| Plaintiff, | ORDER OF DETENTION |
| v. | |
| DAVID TITUS, | |
| Defendant. | |

## I.

On October 7, 2025, Defendant David Titus made his initial appearance on the Criminal Complaint filed in this matter. Simon Aval, a member of the Indigent Defense Panel, was appointed to represent Defendant. The government was represented by Assistant United States Attorney Claire Kelly. Defendant did not argue for pre-trial release.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation prepared by U.S. Probation and Pretrial Services.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ partially verified background information

2

☒ current and history of substance use

☒ use of different name variations, dates of birth, alias, and monikers

As to danger to the community:

☒ allegations in the criminal complaint include racketeer influenced corrupt organizations conspiracy, and conspiracy to possess with intent to distribute controlled substances, and defendant is alleged to have also arranged for the sale of firearms. A search of Defendant's residence in 2024 revealed firearms and ammunition.

☒ Criminal History includes felony convictions for narcotics related offenses, fraud, possession of dangerous weapons, and grant theft, misdemeanor convictions for possession of drug paraphernalia, and extensive law enforcement contacts for the above-listed offenses and parole violations.

☒ alleged gang membership

☒ current and history of substance use

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will

deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: October 7, 2025

                                         /s/
                              ―――――――――――――――――
                                    ALKA SAGAR
                        UNITED STATES MAGISTRATE JUDGE